IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AARON KEYTON LOWE,

    Plaintiff,

v.                                            Civil Action No. 2:21-cv-00657

EXPERIAN INFORMATION SOLUTIONS,
INC., a foreign corporation,

    Defendant.

## COMPLAINT

1. This Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681p.

## PARTIES

2. Plaintiff Aaron Keyton Lowe ("Plaintiff") is a resident of Logan County, West Virginia and is a consumer as defined by the FCRA, § 1681a(c).

3. Defendant Experian Information Solutions, LLC ("Experian") is a consumer reporting agency as defined by the FCRA, § 1681a(f).

## FACTUAL ALLEGATIONS

### I.    Legal Obligations of Experian

4. The FCRA requires that credit reporting agencies such as Experian, in preparing a credit report, to "follow reasonable procedures to assure maximum possible accuracy of the information" in the report. 15 U.S.C. § 1681e(b).

1

5. The FCRA requires that upon receiving notice from a consumer that the consumer disputes the accuracy or completeness of any item of information in the consumer's file, Experian follow specific requirements, including:

    a. conduct a reasonable reinvestigation of the disputed information to determine if the information is accurate;

    b. notify the source of the information of the dispute within five days;

    c. provide the source with all relevant information received from the consumer;

    d. review and consider all relevant information provided by the consumer in conducting the reinvestigation;

    e. delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified;

    f. complete the reinvestigation within 30 days; and

    g. send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

6. The FCRA provides that Experian may only furnish a credit report to a person "which it has reason to believe … intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished." 15 U.S.C. § 1681b(a).

7. The FCRA requires that upon request of a consumer, Experian provide the consumer with all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a).

8. The policies and procedures of Experian do not insure compliance with these provisions of the FCRA.

## II. The "Mixed File" Problem

9. A major problem with Experian's procedures is the "mixed file." A mixed file occurs when one consumer's information is placed on the consumer report of another consumer.

10. Experian's procedures for matching consumer information to a consumer file regularly result in the mixing of one consumer with another.

11. Mixed files create a false description of a consumer's credit history. Further, mixed files result in the consumer not obtaining credit or other benefits of our economy.

12. Consumers with mixed files often have their confidential personal and financial information wrongfully disclosed when the other consumer is seeking credit, and have their confidential information disclosed to the other person. This violates the consumer's privacy and also greatly increases their risk of identity theft.

## III. Experian's Prior Knowledge of the "Mixed File" Problem

13. Mixed files are not a new phenomenon. The problem of mixed files has existed in the credit reporting industry for more than 35 years. *See Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir. 1982).

14. Experian, as one of the "Big 3" credit reporting agencies, has been aware of the mixed file problem since its inception after acquiring the credit reporting agency division of TRW, Inc. ("TRW") in the 1990's.

15. Experian creates mixed files despite the fact that every consumer has unique personal identifying information, such as a Social Security number. That is so because Experian's matching logic allows information to be included in a consumer's file even when the

Social Security number reported with the information is different than the Social Security number on the consumer's file.

16. Experian knows its matching procedures are causing inaccurate credit reports and mixed files.

17. In the 1990's, the Federal Trade Commission ("FTC") filed a lawsuit against Experian's predecessor TRW because of its failure to comply with the FCRA including the mixing of consumers' files.

18. In the 1990's, the Attorneys General of a number of states filed a lawsuit against Experian's predecessor TRW because of its failure to comply with the FCRA including the mixing of consumers' files.

19. In 1991, TRW signed a Consent Order with the FTC. To prevent the occurrence or reoccurrence of a mixed file TRW agreed to use, for matching and identification purposes, a consumer's full identifying information, defined as full first and last name, full street address, zip code, year of birth, any generational designation and social security number.

20. Experian continues to repeatedly mix consumers' files despite the agreement with the FTC, the lawsuit by the State Attorneys General, and hundreds of lawsuits filed against it by consumers whose files have been mixed.

21. Over the last ten years, Experian has been sued hundreds of times by consumers whose files were mixed with a different consumer by Experian.

22. Despite federal law, Congressional mandates, federal and state government enforcement actions, and hundreds of consumer lawsuits, Experian's mixed files remain a significant problem for consumers, including Plaintiff.

23. Experian's sale of consumers' most private and sensitive personal and financial information results in billions of dollars in revenue to Experian annually.

### IV.    Experian's Mixing of Plaintiff's File and other Actions involving Plaintiff

24. Plaintiff and his brother Daron Lowe ("brother") are the victims of having their consumer reports, personal information, and credit files mixed together by Experian. Experian mixed the two brothers' information despite the fact that Plaintiff and his brother have different names, social security numbers, and addresses.

25. As a result of Experian mixing Plaintiff's file, Experian has prepared and sold credit reports about Plaintiff to third parties that contain inaccurate information.

26. Plaintiff notified Experian that it was reporting inaccurate information about him, identified all the inaccurate items of information reported by Experian, and told Experian that he believed that some of those items belonged to his brother, Daron Lowe.  Despite that notice, Experian did not remove or correct all the inaccurate information or stop mixing Plaintiff with his brother.

27. Experian wrongfully provided Plaintiff's credit and personal information to persons who requested a credit report about his brother, although Experian had no reason to believe that Plaintiff was involved in a credit transaction with the person requesting the report.

28. Experian refused to provide Plaintiff with a copy of his credit report upon his request.

29. Experian's failures to comply with the FCRA were willful and reckless in that Experian mixed Plaintiff's file despite knowing its procedures resulted in mixed files, having notice that it was continuing to mix files through hundreds of lawsuits, refusing to unmix Plaintiff's file after it knew it was mixed, refusing to reinvestigate or correct all of the items

disputed by Plaintiff, failing to follow the procedures in the FCRA in its handling of Plaintiff's disputes, providing Plaintiff's credit and personal information to persons who should not have received it, and refusing to provide Plaintiff with a copy of his credit report upon his request.

## CLAIMS FOR RELIEF

### First Claim

**[Negligent Noncompliance with the FCRA]**

30. Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

31. Experian negligently failed to comply with the requirements of the FCRA.

32. As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of credit, economic loss, damage to reputation and creditworthiness, emotional distress, invasion of privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

33. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

### Second Claim

**[Willful Noncompliance with the FCRA]**

34. Plaintiff realleges and incorporates the previous paragraphs of this Complaint.

35. Experian willfully failed to comply with the requirements of the FCRA.

36. As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including loss of credit, economic loss, damage to reputation and creditworthiness, emotional distress, invasion of privacy, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an

amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

37. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## PRAYER

**WHEREFORE**, Plaintiff respectfully prays for judgment against Experian as follows:

On the First Claim:

1. Actual damages to be determined by the jury;

2. Attorney fees; and

3. Costs and expenses incurred in the action.

On the Second Claim:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury;

3. Attorney fees; and

4. Costs and expenses incurred in the action.

**PLAINTIFF DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.**

        **AARON KEYTON LOWE**
        Plaintiff
        By Counsel

s/ Kristina Thomas Whiteaker
_____
Kristina Thomas Whiteaker (State Bar No. 9434)
THE GRUBB LAW GROUP, PLLC
1114 Kanawha Boulevard, East
Charleston, WV  25301
304-345-3356 (telephone)
304-345-3355 (facsimile)